EASTMOORE, E. L., Associate Judge
(dissenting).
I respectfully dissent.
The task of a Judge in determining which of the parents is best suited to have the prime custody of minor children is, at best, a thankless and onerous chore. In this case, the trial court did not have a great deal to choose from, for both parents were guilty of misconduct which, in my view, would have justified the court in removing custody from both parents. As stated in the majority opinion, the family life for both parents had changed at the time of the hearing because they had both remarried, the wife some two days before the hearing in the trial court, and the husband some twelve hours before that hearing. While this would seem to indicate that both parties had decided to reform their wayward life styles and to create a suitable environment in which to raise the children, a review of the testimony demonstrates to me that the wife’s home will not be suitable.
The transcript of testimony taken before the trial judge shows that the wife’s home is permeated with a philosophy about the raising of young children which I think clearly demonstrates the unfitness of that home. At the hearing the wife’s now husband, Ralph Steevs, Jr., admitted that the children had been present in the home while the wife, he, and their friends smoked marijuana and, in fact, the children observed this activity. The testimony of Steevs further showed that he believed everyone, including eight year old children, should be allowed to violate the law by smoking marijuana. The record discloses that Mr. Steevs said, on Page 187:
“Q. You said it was more or less up to the person and that they make up their own minds about it like during prohibition time when they couldn’t get whiskey?
A. You know, you can’t say you can’t make up your mind to break the law but there is no denying the environment. In any courses I have taken you try to, you know, work with the kids.”
and on Page 188:
“THE WITNESS: I am telling you what I told him (the eight year old boy). From the courses that I have taken, value clarification and that type of thing, when you have things like drug education, and I am saying all types of drug education, value clarification, where a person can make up his own mind and decide by looking at all the consequences involved.”
The wife holds a Masters Degree in child guidance. Her now husband teaches third grade children and is working on a Master’s Degree. If the children of our society today are to be subjected to the philosophies of these well educated people who have the training in education and guidance, yet have no hesitancy in violating the law, and, moreover, have the philosophy that even eight year olds should have the right to say whether that must *607 live within the law or not, I shudder to think what the future holds for our country.
The pole star in awarding custody of children has always been the best interest of the children, and not the best interests of the parents. In Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480 (1941) the Florida Supreme Court said
“. . . the ultimate test ... is the spiritual and moral well being of the child.”
This rule has been re-stated in many different ways since that case, but it boils down to the same meaning in every case.
In the case sub judice the trial court seriously considered removing the children from both parents. He would have been justified in so doing. I cannot vote, however, to sustain his sending them to live with their mother so long as the moral atmosphere and philosophy of her and her husband and their home is such that it fails to instill in these young children the knowledge that they must grow up to be law-abiding citizens.